RECEIVED
SDNY PRO SE OFFICE
2022 MAY 17 PM 1:54

UNITED STATED DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK

WALID HASSAN       PLAINTIFF                         COMPLAINT

-Against-                                  Plaintiff hereby demand jury trial
The city university of NEW YORK            on all issues so triable
and THE CITY OF NEW YORK    DEFENDANTS

22 CV 04030

I. Jurisdiction & Venue

{1}. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1343, Federal question jurisdiction for constitutional rights violations under Fourth and Fourteenth Amendments to U.S. Constitution , and this matter pertains to 42 U.S.C. § 1983. This court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

{2}. Venue is proper pursuant to 28U.S.C. § 1391(a) is that the Defendant the City of New York are subject to personal jurisdiction within the Southern District of New York and the events that give rise to this action occurred within the Southern District of New York.

II. Parties

{1}. The plaintiff Walid Hassan resides at 14-16 30th road Apt 3L Astoria, New York 11102

{2}. The defendant the City of New York located at 100 Church Street New York, New York 10007, and defendant The city University of NEW YORK at 205 East 42nd street 11th Floor NEW YORK, NY 10017

III. Statement of Claim

{1}. On July 27, 2015, while the plaintiff was a student at Hostos community college of the city university of new York at 500 grand concourse Bronx, NY 10451, and while the plaintiff was taking an exam for his summer class course in this mentioned location at this date July 27, 2015, and during this exam four officers from the public safety of the university city of new York entered the class to forcibly taking the plaintiff out of the class, the professor of this class

( 1/5 )

asked the officers to wait until the plaintiff finishing his exam, then the 4 officer was standing by the class door until the plaintiff was done with his test, after completion of the test, those 4 officer forcibly took the plaintiff to the ground floor in this building where the plaintiff was handcuffed and falsely arrested CUNY public safety and within minutes later plaintiff was transferred by CUNY public safety car with two CUNY Public safety under arrest to 115 precinct in Queens, New York. After the plaintiff was arrived handcuffed and under arrested to 115 precinct, plaintiff was immediately put in cell and was subject to false imprisonment and later in that day 07/27/2015 plaintiff was transferred to Queens Criminal Court; and

{2}. On July 27, 2015 in Queens Criminal Court under docket number: 2015QN037185, plaintiff was charged in accusatory instrument with Harassment in the second degree (PL 240.26[1]), and two counts of aggravated harassment in the second degree (PL 240.30[1] and PL 240.30[2]).

And the plaintiff was falsely imprisoned almost four months during this criminal proceedings from 07/27/2015 until he was released on/or about 11/02/2015 and again the plaintiff was falsely imprisoned from 04/18/2017 until 05/10/2017

{3}. On or about October 26, 2016 the Queens District Attorney office filed a prosecution's information which contained the original count of Harassment in the second degree(PL 240.26) and which reduced the other two counts to attempt aggravated harassment in the second degree(PL 110/240.30[1] and PL 110/240.30[2].

{4]. Non-jury trial was conducted on 01/25/2017 and 01/31/2017

[5]. the only alleged physical evidence in this case was the one or two of alleged forged text messages which was introduce by the defendants on first trial date 01/25/2017 and was illegally admitted on trial date 01/25/2017.

[6]. On the second trial date the court falsely found the plaintiff guilty for the charge PL 110/240.30[2] because the forged alleged text messages created false context the plaintiff allegedly made a

telephone call with no legitimate purpose of communication other than to harass or threat.

{7}. Based on this false Guilty Verdict, the false conviction judgment was entered against plaintiff on 11/09/2017 for PL 110/240.30[2]

{8}. The plaintiff timely appealed this false conviction dated 11/09/2019 with the appellate term second department

{9}. On May 24, 2019 the appellate term second department reversed this false conviction and dismissed the charge PL 110/240.30[2] and this criminal action was since then was terminated in the plaintiff's favor

{10}. Because the false conviction was relied on the forged alleged text messages which created a false context that Defendants the City of New York and The city university of NEW YORK had a proper cause to initially arrest and imprisoned the plaintiff in this action; therefore plaintiff could not file a federal claim for his false arrest and his false imprisonment under 42 U.S.C § 1983 before this Honorable Court within the three years normal status of limitation for the initial false arrest and false imprisonment on 07/27/2015. Because any judgment in plaintiff's favor on false arrest and false imprisonment would have undermined the valid of any potential conviction in the criminal proceeding against him, then plaintiff's false arrest and false imprisonment claims would not accrue until those criminal proceeding terminated, therefore the plaintiff's false arrest and false imprisonment claims would not now be time-barred ; since the criminal proceeding was terminated on May 24, 2019 and the plaintiff is now filling his false arrest and false imprisonment claims with the three years status of limitation from the date the criminal proceeding was terminated on May 24, 2019

See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct.2364, 129 L.Ed.2d 383(1994); Woods v. Candela, 47 F.3d 545(2d Cir. 1995{"Woods II"); Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999)

{11}. To demonstrate a favorable termination of a criminal prosecution for purpose of the Fourth Amendment claim under § 1983 for malicious prosecution , The United States Supreme Court

in Thompson v. Clark 596 U.S. _2022 decision dated April 4, 2022 states the followings:    " In sum, we hold that a Fourth Amendment claim under §1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without conviction."

## FIRST CAUSE OF ACTION
## FALSE ARREST AND FALSE IMPRISONMENT
## AGAINST DEFENDANT the CITY OF NEW YORK and defendant The city university of NEW YORK

{1}. Plaintiff has a legal right under the Fourth and Fourteenth Amendment to the U.S. Constitution to be free from unreasonable seizure of his person, a right that Defendant the City of New York violated by handcuffing Plaintiff and arresting him without probable cause or reasonable believe that plaintiff was committing a crime.

{2}. Defendant the City of New York is responsible for the violation of Plaintiff's Constitutional right

{3}. Defendant The city university of NEW YORK is responsible for the violation of plantiff's Constitutional right

## SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION
## AGAINST DEFENDANT the CITY OF NEW YORK and defendand The city university of NEW YORK

{1}. Plaintiff has a legal right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizure of his person. Defendants the City of New York and The city university of new york violated this right when he initiated a criminal proceeding against Plaintiff in retaliation for Plaintiff's Constitutional rights and without any probable cause to believe that Plaintiff had committed a crime.

{2}. The charges against Plaintiff were later terminated in his favor.

{3}. Defendants the City of New York and The city university of NEW YORK pursued this prosecution of Plaintiff with malice in retaliation for Plaintiff Constitutional right,

and without any probable cause to believe that he committed a crime.

IV. PRAYER FOR RELIEF

Wherefore, in light of the foregoing, Plaintiff Walid Hassan respectfully demand judgment against Defendants the City of New York, ~~*****~~ and The city university of NEW YORK as Follows:

{1}. Enter a declaratory judgment that defendants violated plaintiff's Fourth Amendment right to be free from unreasonable seizure and malicious prosecution;

{2}. Award compensatory damages against Defendants the City of New York and The city university of NEW YORK, joint and severally, in an amount to be determine by trial;

{3}. Enter an award for cost, expenses pursuant to 42 U.S.C § 1988;

{4}. Plaintiff requests a trial by jury of all issues involved in this complaint; and

{5}. such other and further relief as this Honorable Court shall deem just and proper.

V. PLAINTIFF'S CERTIFICATION

I, Walid Hassan, the Plaintiff in this action, being duly sworn, deposes and says that:

I affirm under penalty of perjury under the law of the United States of America that all the above statements in this entire complaint to be true to the best of my knowledge, information and belief.

Dated: Queens, New York
May 16, 2022

*[signature] 5/16/2022*

STEVEN LIEN
Notary Public, State of New York
No. 01LI6083949
Qualified in Queens County
My Commission Expires 11/25/2022

Respectfully Submitted
WALid HASSAN *[signature]*
Walid Hassan
14-16 30th Road, Apt 3L
Astoria, New York 11102

( 5/5 )