RECEIVED
SDNY PRO SE OFFICE
2022 JUN 14 PM 3: 17

UNITED STATED DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WALID HASSAN | PLAINTIFF | AMENDED COMPLAINT<br>Pursuant to FRCP 15(a)(1)(B)<br>CiViL Action No: 22CV4030 |
| | -Against- | Plaintiff hereby demand jury trial<br>on all issues so triable |
| THE CITY UNIVERSITY OF NEW YORK<br>AND THE CITY OF NEW YORK | DEFENDANTS | |

I. Jurisdiction & Venue

{1}. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1343, Federal question jurisdiction for constitutional rights violations under Fourth and Fourteenth Amendments to U.S. Constitution , and this matter pertains to 42 U.S.C. § 1983. This court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

{2}. Venue is proper pursuant to 28U.S.C. § 1391(a) is that the Defendant the City of New York are subject to personal jurisdiction within the Southern District of New York and the events that give rise to this action occurred within the Southern District of New York.

II. Parties

{3}. The plaintiff Walid Hassan resides at 14-16 30th road Apt 3L Astoria, New York 11102

{4}. The defendant the City University of New York located at 205 East 42nd Street 11th Floor New York, NY 10017

{5}. The defendant the City of New York located at 100 Church Street New York, New York 10007

{6}. This action arises both under the United Stated Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to Constitution of the United States, and under Federal Law , particularly the Civil Right Acts, Title 42 of the

United Code, Section 1983, et seq for false arrest, false arrest and false imprisonment, malicious prosecution , abuse of process, negligent infliction of emotional distress , negligent hiring , training , and supervision of police officers, permitting unlawful police practices, and racial discrimination , to name a few of the causes of action.

{7}. Each and all of the acts of the Defendant the City University of New York and the defendant the City of New York alleged herein were done by the defendants, their agents, servants and employees, and each of them, as individuals and in their official capacities as a police officers under the color and pretense of the state of New York, the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and Counties of Bronx and Queens and under the authority of their offices as Public Safety officers and police officers of said state, City and Counties

{8} the defendant the city university of new York manage, control and responsible for their officers, employees, agents representative and servant.

{9}. The defendant city of new York is responsible,own, control, manage , operate the Queens District attorney office and all the prosecution in the city of new York

{10}. The defendant city of new York own, control, mange, operate the new York city Police department and all police precinct in the city of new York including 115 precinct.

III. Statement of Claim

{11}. On July 27, 2015, while the plaintiff was a student at Hostos community college of the city university of new York at 500 grand concourse  Bronx, NY 10451, and while the plaintiff was taking an exam for his summer class course in this mentioned location at this date July 27, 2015, and during this exam four officers from the  public safety of the City University of New York entered the class to forcibly taking the plaintiff out of the class, the  professor of this class asked the officers to wait until the plaintiff finishing his exam, then the 4 officer was standing by the class door until

the plaintiff was done with his test, after completion of the test, those 4 officer forcibly took the plaintiff to the ground floor in this building where the plaintiff was handcuffed and falsely arrested CUNY public safety and within minutes later plaintiff was transferred by CUNY public safety car with two CUNY Public safety under arrest to 115 precinct in Queens, New York. After the plaintiff was arrived handcuffed and under arrested to 115 precinct, plaintiff was immediately put in cell and was subject to false imprisonment and later in that day 07/27/2015 plaintiff was transferred to Queens Criminal Court

{12}. At no time any of the defendants' offices, employees or servant have any probable cause or justification to arrest the plaintiff, Walid Hassan.

{13}. That the incident evinced a grave pattern of serious legal and constitutional violations of federal level and state level all of which gave rise to this complaint and the causes of action subsumed thereunder all of which took place and arose in the counties of Bronx and Queens , City and State of New York

{14}. On July 27, 2015 in Queens Criminal Court under docket number: 2015QN037185, plaintiff was falsely accused and charged in accusatory instrument with Harassment in the second degree (PL 240.26[1]), and two counts of aggravated harassment in the second degree (PL 240.30[1] and PL 240.30[2]). And the plaintiff was falsely imprisoned almost four months during this criminal proceedings from 07/27/2015 until he was released on/or about 11/02/2015 and again the plaintiff was falsely imprisoned from 04/18/2017 until 05/10/2017

{15}. The Plaintiff was compelled to make numerous court appearance on approximately 34 different occasions, time and days prior to the underlying criminal charges being dismissed

{16}. That plaintiff was compelled to spend significant of legal fees for his defense,

{17}. plaintiff was compelled to pay significant amount to a forensic company to recover all text messages activity between the plaintiff and the complainant witness in this criminal

proceedings so he can produce a new discovery evidence that the false and fabricated alleged text messages which was illegally admitted during plaintiff's trial in this criminal proceedings through John/Jane Does assistant district attorney of Queens County indeed false and fabricated alleged text messages

{18}. On or about October 26, 2016 the Queens District Attorney office filed a prosecution's information which contained the original count of Harassment in the second degree(PL 240.26) and which reduced the other two counts to attempt aggravated harassment in the second degree(PL 110/240.30[1] and PL 110/240.30[2].

{19}. That as a result of this false arrest, false imprisonment and malicious prosecution, Plaintiff was caused to be in pain due to tightness of the cuffs, and suffered embarrassment, shame and humiliation as a result of being detained and incarcerated.

{20}. That the aforesaid condition was the direct result of the Negligence of Defendant the City University of New York and defendant the City of New York, its officers and agents in the performance of their duties and in the scope of their employment.

{21]. Non-jury trial was conducted on 01/25/2017 and 01/31/2017

{22}. the only alleged physical evidence in this case was the alleged forged text messages which was introduce by defendant's John/Jane Does officer, employees and servant , assistant district attorneys in Queens County on first trial date 01/25/2017 and was illegally admitted on trial date 01/25/2017.

[23]. On the second trial date the court falsely found the plaintiff guilty for the charge PL 110/240.30[2] because the forged alleged text messages created false context that the plaintiff allegedly made a telephone call with no legitimate purpose of communication other than to harass or threat.

{24}. Based on this false Guilty Verdict, the false conviction judgment was entered against plaintiff on 11/09/2017 for PL 110/240.30[2]

{25}. The plaintiff timely appealed this false conviction dated 11/09/2019 with the appellate term second department

{26}. On May 24, 2019 the appellate term second department reversed this false conviction and dismissed the charge PL 110/240.30[2] and this criminal action was since then was terminated in the plaintiff's favor .

{27}. PLAINTIFF'S FALSE ARREST AND FALSE IMPRISONMENT IS TIME--BARRED

a. Because the false conviction was relied on the forged alleged text messages which created a false context that Defendants the City University of New York and the City of New York had a proper cause to initially arrest and imprisoned the plaintiff in this action; based on false testimonies from the complainant witness and her husband based on this false and fabricated alleged text messages, therefore plaintiff could not file a federal claim for his false arrest and his false imprisonment under 42 U.S.C § 1983 before this Honorable Court within the three years normal status of limitation for the initial false arrest and false imprisonment on 07/27/2015. Because any judgment in plaintiff's favor on false arrest and false imprisonment would have undermined the valid of any potential conviction in the criminal proceedings against him, then plaintiff's false arrest and false imprisonment claims would not accrue until those criminal proceeding  terminated, therefore the plaintiff's false arrest and false imprisonment claims would not now be time-barred ; since the criminal proceeding was terminated on May 24, 2019 and the plaintiff is now filling his false arrest and false imprisonment claims with the three years status of limitation from the date the criminal proceeding was terminated on May 24, 2019

See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct.2364, 129 L.Ed.2d 383(1994); Woods v. Candela, 47 F.3d 545(2d Cir. 1995{"Woods II"); Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999) {11}. To demonstrate a favorable termination of a criminal prosecution for purpose of the Fourth Amendment claim under §

1983 for malicious prosecution, The United States Supreme Court in Thompson v. Clark 596 U.S. _2022 decision dated April 4, 2022 states the followings: "In sum, we hold that a Fourth Amendment claim under §1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without conviction."
b. the court lack any record at this stages and at this current time to rule in any potential motion by the defendant to dismiss the false arrest and false imprisonment claim as a time-bared ; because the court lack any record at this current time ,whether or not, a favorable determination on the false arrest claim would in fact undermined the validity of any conviction against the Plaintiff resulting from the State criminal proceedings
c. after discovery completed in this action and when all the record will be available to the court to make such determination on this issue of status of limitation for Plaintiff's false arrest claim, if the defendant(s) choose to raise this issues in any future summary Judgment.

{28}. upon information and believe both Defendants in this action were responsible for the initiation of criminal proceedings against the plaintiff by providing its agents, servant and representatives with the means and opportunity to prosecute. Both of the Defendants 'agents, servants and representatives did use the means and opportunity granted them by the Defendants and prosecuted plaintiff without a probable cause or Justification
{29}. Monell Claim
a. the defendants City University of New York and the city of New York , through a policy, practice and custom, directly caused the U.S. Constitutional violation suffered by the plaintiff
b. Upon information and belief, Defendants the City University of New York and the City of New York, at all relevant times, were aware that the Defendant officers, employees and servant who participated in initiating this false criminal proceedings against the

( 6/13 )

Plaintiff and falsely prosecuted him were unfit officers, employees and servant who had previously committed the acts alleged herein, had a propensity for unconstitutional conduct, or had been inadequately trained

c. Nevertheless, Defendants the City University of New York and the City of New York exercised deliberate indifference by failing to take remedial action, and both defendants failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them, in particular John/Jane Does who involved in all the false criminal proceedings against the Plaintiff, upon information and believe both defendants failed to adequately investigate prior complaint file against the defendants' John/Jane Does officers, employees and servants who participating in initiating the false criminal proceeding and false prosecution against the Plaintiff

d. Further, Defendants the City University of New York and the City of New York were aware prior to the incident that their John/Jane Does officers, employees and servant - in continuation of its illegal custom, practice and/or policy-would not stop arrest and prosecute innocent individual, based on pretexts and false evidence.

e. In addition, the following are the institutional, organizational, municipal and/or individual policies, practices and customs of the Defendants: (1) arresting innocent persons in order to meet productivity goals and justify overtime; (2) unlawfully stopping and searching persons; (3) fabricating evidence against innocent persons; (4) wrongfully arresting individuals based on pretexts and profiling; and (5) then maliciously prosecuting these individuals to cover up the aforementioned unconstitutional practices.

f. that as a result of the plaintiff unlawful arrest, he was taken into police custody and taken to jail where he was incarcerated

g. The actions of the defendants the City University of New York and the City of New York deprived the plaintiff of the rights, privileges or immunities secured to him by the Fourth and

Fourteenth Amendments to U.S Constitution or the laws of the United States, were done in reckless or callous disregard for the Plaintiff's rights or done in violation of federal law.

h. by the reason of the forgoing , Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently cause to suffer pain and inconvenience and other effect of such injuries; and plaintiff has incurred and in the future will necessarily suffere additional loss of time from his usual pursuits, duties and activities; and Plaintiff will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior to this occurrence all to Plaintiff's great damages.

i. by the reason of the foregoing, Plaintiff has been damages by the defendants in this action  by an amount to be determined at trial.

{30} each defendant in this action had ample notice that their officers ,employees and servant were, despite published policies to contrary , violating the U.S. Constitution rights against citizen arresting citizens without probable cause or any justification

a. Numerous lawsuits were filed against both defendant, each of which outlined above, and each of which was made known to each defendant through lawsuits brought against each defendant

{31}. notwithstanding each of defendant took no action to remedy the continued failure of their officer, employees and servant to violate citizens' U.S. constitutional rights, including falsely arresting and impersonate  Citizens without probable cause or justification and falsely prosecute them with malice and without any probable cause.

{32}. Despite both Defendants' knowledge about their officers, employees and servant continued  failure to comply, and falsely arresting and impersonate Citizens  with their responsibility with respect to Citizens' U.S. Constitutional rights, including falsely arresting and impersonate Citizen without Probable Cause or



( 8/13 )

justification and falsely prosecute them with malice and without any probable cause.

However each Defendant took no action to change their officers, employees and servant' view that they could violate citizens' U.S. Constitution rights, including falsely arresting and imprison citizen without probable cause or justification and falsely prosecute them with malice and without any probable cause in the City of New York by:

a. failing to properly train , supervise, and discipline their officers, employees and servant who retaliate against people by falsely arresting and impersonate them without a probable cause or justification, and falsely prosecuted them with malice and without a probable cause
b. Inadequately monitoring their officers, employees and practices related to falsely arresting and impersonate people without a probable cause or justification, and falsely prosecuted them with malice and without a probable cause.
c. Failing to properly discipline their officers, employee and servant who initiate criminal proceedings against people with malice and without any probable cause or justification to believe they committed any crime.
d. Failing to rectify both and each defendant's unconstitutional custom of instituting criminal proceedings against people for falsely arresting and impersonate them without any probable cause or justification, and falsely prosecute them with malice and without a probable cause or justification

{33}. Accordingly, at time of Plaintiff, Walid Hassan, arrest, each of defendant policymaker acted with deliberate indifference to constitutional rights of the persons who did not commit any crime by falsely arresting and impersonate them without a probable cause or justification, and falsely prosecuted them with malice and without a probable cause in the City of New York

{34}. As a direct and proximate result of Defendant City University's policies, practices, and or customs, and as direct and a proximate result of Defendant the City of New York's policies,



practices, and or customs , the plaintiff Walid Hassan suffered the followings injures and damages:
    a. Violation of his rights under the Fourth Amendment and the Fourteenth Amendment to United State Constitution, to be free from malicious prosecution And illegal search and seizure;
    b. loss of his physical liberty
    c. Monetary losses
    d. Emotional trauma, humiliation, and distress

FIRST CAUSE OF ACTION
FALSE ARREST AND FALSE IMPRISONMENT
AGAINST
DEFENDANT THE CITY UNIVERSITY OF NEW YORK
AND DEFENDANT THE CITY OF NEW YORK

{35}. The plaintiff, Walid Hassan, hereby incorporates by reference each and every preceding paragraph of this Complaint as though fully plead and re-allege in their entirety below

{36}. Plaintiff has clearly established legal right under the Fourth and Fourteenth Amendment to the U.S. Constitution to be free from unreasonable seizure of his person, a right that Defendant the City University of New York's John/Jane Does officers and employees violated by handcuffing Plaintiff and arresting him against his will without probable cause or reasonable believe that plaintiff was committing a crime, and further falsely imprisoned him.

{37}. Plaintiff has clearly established legal right under the Fourth and fourteens amendments of the U.S. Constitution to be free from unreasonable seizure of his person, a right that defendant the City of new York's John/Jane Does officers and employees violated by handcuffing plaintiff and arresting him against his wil without any probable cause or reasonable believe that plaintiff was committing a crime, and further falsely imprisoned him.

{38}. Defendant the City University of New York is responsible for the violation of plaintiff's Constitutional Rights because



(10/13)

Defendant's John/Jane does, public safety officer and employees actions against Plaintiff, Walid Hassan, resulted from this Defendant deliberate indifference to a custom, pattern, practice, or policy of allowing officers and employees to retaliate against individual for falsely arresting and falsely imprisoned individual without any probable cause or justification and/or deliberately indifferent failure to train, supervise, and discipline officers who engage in such conduct.

{39}. Defendant the City of New York is responsible for the violation of Plaintiff's Constitutional Rights because Defendant's john/Jane Does officers and employees actions against Plaintiff, Walid Hassan, resulted from this defendant deliberate indifference to a custom, pattern, practice, or policy of allowing officers and employees to retaliated against individuals without any probable cause or justification and/or deliberately indifferent failure to train, supervise, and discipline officer and employees Who engage in such conduct

SECOND CAUSE OF ACTION
MALICIOUS PROSECUTION
AGAINST
DEFENDANT THE CITY UNIVERSITY OF NEW
AND DEFENDANT THE CITY OF NEW YORK

{40}. Plaintiff has clearly established legal right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizure of his person. Defendant the City University's John/Jane Does officers and employees violated this right when they initiated a criminal proceedings against Plaintiff with malice in retaliation for Plaintiff's Constitutional rights and without any probable cause to believe that he committed a crime.

▓▓. Defendant the City University of New York is responsible for the violation of Plaintiff's Constitutional rights because Defendant's John/Jane Does officers and employees actions resulted from this defendant deliberate indifference to a custom,



pattern, practice, or policy of allowing officers and employees to arrest and charge individuals in retaliation against individuals without any probable cause or justification to believe that those individual commit a crime, and/or a deliberately indifferent failure to train, supervise, and discipline officers and employees who engaged in such conduct.

{41}. Plaintiff has clearly established legal right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizure of his person. Defendant the City of New York's John/Jane Does officers and employees pursued this prosecution of Plaintiff with malice in retaliation for Plaintiff Constitutional right, and without any probable cause to believe that he committed a crime.

{42}. Defendant the City of New York is responsible for the violation of plaintiff constitutional rights because Defendant's John/Jane Does officers and employees actions resulted from this defendant deliberate indifferent failure to train, supervise, and discipline officers and employees who engaged in such conduct.

{43}. The charges against plaintiff were later terminated in his favor.

IV.     PRAYER FOR RELIEF

Wherefore, in light of the foregoing, Plaintiff Walid Hassan respectfully demand judgment against Defendants the City University of New York and the City of New York, as follows:

{1}. Enter a declaratory judgment that defendants the CITY University of New York and the City of New York violated plaintiff's Fourth Amendment right to be free from unreasonable seizure and malicious prosecution;

{2}. Award compensatory damages against Defendants the City University of New York and the City of New York, joint and severally, in an amount to be determine by trial;

{3}. Enter an award for cost, expenses pursuant to 42 U.S.C § 1988;

{4}. Plaintiff requests a trial by jury of all issues involved in this complaint; and

{5}. such other and further relief as this Honorable Court shall deem just and proper.

V.  PLAINTIFF'S CERTIFICATION

I, Walid Hassan, the Plaintiff in this action, being duly sworn, deposes and says that:

I affirm under penalty of perjury under the law of the United States of America that all the above statements in this entire complaint to be true to the best of my knowledge, information and belief.

Dated: Queens, New York
June 14, 2022

Respectfully Submitted

*WALid HASSAN* (signature)
Walid Hassan
14-16 30th Road, Apt 3L
Astoria, New York 11102

Subscribed and sworn to before me this
14 day of June, 2022

_____
Notary Public

**OKSANA PELEKH**
Notary Public, State of New York
No. 02PE6236795
Qualified in Westchester County
Commission Expires March 7, 2023

( 13/13 )